■ In the Matter of the Claim of RICHARD CALLAGHAN, Respondent, against SHEFFIELD FARMS COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier (1) from a decision of the Workmen's Compensation Board dated October 8, 1952, which excused claimant's failure to file a claim for compensation within the time provided by section 28 of the Workmen's Compensation Law and (2) from an award and decision dated January 12, 1956 which gave disability benefits to the claimant. Claimant worked as a general utility man in the pasteurizing department of the employer's plant. His duties, among other things, required him to stack cases of milk. On March 26, 1946, while stacking milk cases "six high", and in an effort to prevent one case from falling, claimant twisted his back and suffered pain in the lower portion thereof. There is evidence that he reported this incident to an assistant superintendent of the plant, and that the latter made out a C2 form and filed the same with the carrier. In addition claimant was treated by the employer's physician, or at least the board could so find, and after this medical treatment the employment supervisor drove claimant by car to where he could take a bus for his home. Claimant remained at home for about five days as a result of his injury and at the end of this time he was notified by the employer to see its doctor, which he did and received further medical treatment. Claimant returned to work about six days after the accident and continued in the employ of the employer until October, 1949. He testified that from time to time his back continued to bother him and he consulted and received treatment from physicians between 1946 and 1950. A laminotomy was performed on claimant's vertebrae on July 25, 1950, when it was found that he had a protruding disc. Following this operation claimant suffered from a permanent partial disability and was unable to do any work involving any lifting or pushing. Substantial medical testimony sustains the finding that the need for operative treatment in July, 1950 and claimant's substantial disability were causally related to the accident he sustained in March, 1946. Three questions are presented by this appeal. The first is whether the failure of employer and carrier to appeal from the decision of the board dated October 8, 1952 precludes them from raising the issue of time limitation on the appeal taken from the final award. In view of the entire record this issue is of small consequence now. The second question is whether the employer furnished such medical care that the board could find there was

an advanced payment of compensation sufficient to excuse the claimant's failure to comply with section 28 of the Workmen's Compensation Law. There is substantial evidence to indicate that such medical care was furnished, and even though no attempt was made to collect compensation until 1950 the board was within its right to excuse the claimant's failure to file a claim within the statutory period. Moreover there is strong proof to indicate that the employer had notice of the accident shortly after it occurred. All this was sufficient to bring the claimant within the exception provided in section 28 (*Matter of · Salemi* v. *Farrand Optical Co.*, 302 N. Y. 837). The third question is whether the record contains substantial evidence to causally connect claimant's lumbar disability to the accidental event that occurred in 1946. There is strong medical proof to sustain an affirmative answer to this question which we cannot say as a matter of law is without substance. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.